**UNITED STATES of America,**
Libelant,

v.

**THE M/V BLACK FALCON, her engines,
tackle, etc., Respondent.**
No. 58–15.

United States District Court
D. Massachusetts.
May 8, 1959.

Anthony Julian, U. S. Atty., George C. Caner, Jr., Asst. U. S. Atty., Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

In this libel brought to recover penalties for violations of the Dangerous Cargo Act, 46 U.S.C.A. § 170, libelant moves to strike claimant's answer to libelant's request to admit facts and to declare the facts recited in the request admitted.

The answer filed clearly fails to meet the requirements of Admiralty Rule 32B, 28 U.S.C.A., requiring such answer to be under oath. The answer is signed:

"Skibsaktieselskapet    Herstein
"By /s/ Bjarne Holter-Sorensen
"Its Director."

Attached to the answer is a Certificate of Acknowledgment of Execution of an Instrument signed by Joanne V. Winn, Vice Consul of the United States at Oslo, Norway. Nothing in the answer or the accompanying certificate indicates that the answer was ever sworn to or intended to be made under oath.

■ The exact status of the person signing the answer is not clear. From some documents it appears that Skibsaktieselskapet Herstein is the owner of the vessel. The claim filed in this proceeding by the master states that Sigurd Herlof-son & Co. A/S, Managers are the owners. However, it is not necessary to resolve this difficulty, since whether or not the answer is signed by a proper person, it is not under oath and must be stricken. No answer having been filed conforming to the requirements of the rule, the facts recited in the request are to be taken as admitted.

Respondent's counsel appears to contend that the unsworn answer should be accepted because it has not been shown that there are in Norway any notaries or similar officers authorized to administer oaths. This court finds it hard to believe that an officer authorized to administer oaths cannot readily be found in Norway. There is, however, a short answer to this whole argument. The answer was acknowledged before an American consular officer. Such officers are authorized to administer oaths, 22 U.S. C.A. §§ 1195 and 1203. The answer could have been sworn to without any difficulty.

■ Ordinarily this court would be disposed to grant an extension of time to permit the answer to be made under oath in compliance with the Rule 32B. Such extension has not been asked in this case, and under the circumstances would not be granted.

Libelant's request was filed August 20, 1958, calling for an answer within twenty days. On six occasions thereafter respondent moved for extension of the time within which to answer, and libelant assented. Finally when libelant would assent no longer, the court on February 20, 1959, granted a further extension until March 20, 1959, and the answer was finally filed on the last day of this extended time.

The request asked for the admission of thirty-nine statements of fact. The answer admits four of these, states that it is without knowledge as to five others and denies them, and simply denies all the others. It is clear that all of these categorical denials cannot have been made in good faith. For instance, Re-

quest No. 3 reads: "That on October 31, 1953, the M/V Black Falcon arrived at Boston, Mass., and while at her mooring in Boston Harbor, on or about November 2, 1953, there occurred aboard her an explosion and fire." This is denied. Yet respondent in its answer to the libel admits the arrival on October 31, 1953. There seems to be no question that there was an explosion and fire on the date stated. This is a matter of common and public knowledge. A Marine Board hearing was held to investigate the incident and respondent's counsel actively participated in the hearing. In denying Request No. 31, claimant denies that there was on board the vessel a document of 84 pages entitled "Report and Manifest." Yet the document thus described was offered in evidence at the Marine Board hearing by respondent's counsel as being the manifest from the Black Falcon. Claimant also denies other requests to admit that entries made in this manifest were so made, and further denies statements as to stowage of cargo on the vessel which are based on the stowage plan of the vessel used by respondent's counsel at the hearing and the uniform testimony of witnesses at the hearing. It appears then that a number of the denials made in the answer cannot have been made in good faith and the answer as a whole is only a sham compliance with the rule.

Respondent's counsel makes no claim that all of the requests denied in the answer are untrue. At most, he states that some of them may not be true. The only defense offered for the answer made is that Holter-Sorensen has no knowledge of the facts. If this is true, the answer filed is palpably not in compliance with the rule for most of the requests are categorically denied, thus implying that the individual making the answer knows facts to support his denial. The conclusion must be that there has been no genuine effort to comply with the requirements of Rule 32B.

Libelant's motion to strike and to declare admitted libelant's request to admit facts is allowed.